*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RODNEY DAMON BLACK,

        Defendant-Appellant

UNPUBLISHED
April 27, 2023

No. 338985
Wayne Circuit Court
LC No. 93-010614-01-FC

ON REMAND

Before: JANSEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

In its previous decision, this Court affirmed defendant's resentence of 40 to 60 years for his conviction of first-degree murder, MCL 750.316(1)(a). In Part I of its opinion, this Court rejected defendant's argument that MCL 769.25 and MCL 769.25a, as applied to him, were unconstitutional because the sentence of 40 to 60 years imposed under the statutes did not afford him a meaningful opportunity for release. *People v Black*, unpublished per curiam opinion of the Court of Appeals, issued November 27, 2018 (Docket No. 338985), pp 3-5. The Michigan Supreme vacated Part I of this Court's opinion and remanded the case to this Court for reconsideration "in light of *People v Boykin* (Docket No. 157738) and *People v Tate* (Docket No. 158695)." See *People v Black*, ___ Mich ___; 982 NW2d 440 (2022).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant was convicted of first-degree murder, MCL 750.316, two counts of assault with intent to murder, MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in 1993. He was 16 years old at the time of the crimes. During a drug transaction, he shot Winifred Willis in the stomach, he shot Willis's five-year old son, Derrick, and he physically assaulted Willis's three-year old daughter, Anna. Anna died from blunt force trauma to her head. Derrick never fully recovered, and died from organ failure at age 23. Defendant was originally sentenced to life imprisonment without parole (LWOP) for the murder

conviction, 15 to 40 years for each assault with intent to murder conviction, and a two-year consecutive term for felony-firearm.

Defendant was resentenced under *Miller v Alabama*, 567 US 460, 479, 489; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and MCL 769.25a[1] in 2017. Although the trial court noted positive changes as demonstrated through defendant's prison record, it emphasized the severity of the offense and the age of the young victims. The trial court did not believe that the statutory 25-year minimum sentence was enough, and therefore sentenced defendant to the statutory maximum, 40 to 60 years.

Defendant appealed his resentence, arguing, in part, that it was unconstitutional because MCL 769.25 and MCL 769.25a did not comport with the mandates of *Miller* and *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016) (holding that *Miller* applied retroactively), because the statutory sentencing scheme did not provide a juvenile defendant with a meaningful opportunity for release. *Black*, unpub op at 3. This Court disagreed in Part I of its opinion, and determined that the 40-year minimum sentence gave defendant a meaningful opportunity to obtain release. *Id*. at 4. The Court reasoned that defendant would be 58 years old after serving his minimum sentence, there was no reason to expect that defendant would not be paroled at that time, and the trial court "thoughtfully weighed defendant's maturity and ability for rehabilitation against the severity of the crimes," but "gave more weight to the egregious nature of the crime" than defendant's accomplishments while imprisoned. *Id*. at 4-5. Thus, the statutes were not unconstitutional as applied to defendant. *Id*. at 4. In Part II of the opinion, the Court addressed defendant's proportionality challenge, and determined that because the minimum sentence was within the statutory range, it was presumptively proportionate. *Id*. at 5.

Defendant applied for leave to appeal in the Supreme Court, which was held in abeyance pending the decisions in *People v Boykin* (Docket No. 157738) and *People v Tate* (Docket No. 158695). *People v Black*, ___ Mich ___; 959 NW2d 533 (2021). After these opinions were issued, the Supreme Court entered a remand order, stating in part:

> Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE Part I of the Court of Appeals judgment and we REMAND this case to that court for reconsideration of that issue in light of *People v Boykin* (Docket No. 157738) and *People v Tate* (Docket No. 158695). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented regarding the proportionality of the sentence should be reviewed by this Court. [*Black*, ___ Mich ___; 982 NW2d 440.]

## II. ANALYSIS

The Eighth Amendment of the United States Constitution protects against "cruel and unusual punishments," US Const, Am VIII, while the Michigan Constitution protects against "cruel *or* unusual punishment," Const 1963, art 1, § 16 (emphasis added). The *Miller* Court held

---

[1] As explained in our previous opinion, MCL 769.25a rather than MCL 769.25 is the statute that properly applies.

that mandatory LWOP for a juvenile offender convicted of murder constituted cruel and unusual punishment in violation of the Eighth Amendment. *Miller*, 567 US at 479, 489. A sentencing court could still sentence a juvenile to LWOP in a homicide case, but it had to consider the unique characteristics of juvenile offenders based on psychology and brain science. *Id*. at 480, 490. The sentencing court must consider the defendant's "chronological age and its hallmark features— among them, immaturity, impetuosity, and failure to appreciate risks and consequences," "the family and home environment that surrounds [the defendant]—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional," "the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him," that the defendant "might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys," and lastly, "the possibility of rehabilitation." *Id*. at 477-478. The Court noted that "[a] State is not required to guarantee eventual freedom, but must provide some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id*. at 479 (quotation marks and citation omitted).

In response to the *Miller* decision, our Legislature enacted MCL 769.25 and MCL 769.25a, effective March 4, 2014. MCL 769.25 applies to criminal defendants convicted of first-degree murder who were less than 18 years of age at the time of the offense, and who were convicted on or after the effective date of the amendatory act or whose appeals were still pending. MCL 769.25(1). MCL 769.25a was enacted to apply to "any case that is final for purposes of appeal on or before June 24, 2012" if the United States Supreme Court or the Michigan Supreme Court found that *Miller* applies retroactively. MCL 769.25a(1) and (2). MCL 769.25a became effective when the Supreme Court held in *Montgomery*, 577 US at 212, that *Miller* applied retroactively. Both statutes implement procedures for sentencing juvenile offenders convicted of first-degree murder or other offenses that carry potential life sentences. MCL 769.25(2) permits the prosecutor to move for imposition of a LWOP sentence. Upon such motion, the sentencing court "shall conduct a hearing on the motion as part of the sentencing process," in which the court "shall consider the factors listed in *Miller v Alabama*" and also "may consider any other criteria relevant to its decision, including the individual's record while incarcerated." MCL 769.25(6). The court "shall specify on the record the aggravating and mitigating circumstances considered by the court and the court's reasons supporting the sentence imposed." MCL 769.25(7). Under both statutes, if the court decides not to impose a LWOP sentence, it shall sentence the defendant to a term of imprisonment, with a minimum sentence in the range of 25 to 40 years, and a maximum term not less than 60 years. MCL 769.25(9); MCL 769.25a(4)(c).

Recent caselaw from the Michigan Supreme Court indicates a trend toward mitigating harsh sentences for juvenile offenders. Particularly, in *People v Boykin*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket Nos. 157738; 158695) slip op at 1, the Court held that "trial courts must consider a juvenile defendant's youth to be a mitigating factor when sentencing them to term-of-years sentences under MCL 769.25 or MCL 769.25a[.]" The Court cited the four considerations necessary under *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972): "(1) reformation of the offender; (2) protection of society; (3) disciplining of the wrongdoer; and (4) deterrence of others from committing like offenses," and explained how they are related to youth. *Boykin*, ___ Mich at ___; slip op at 12-13, quoting *Snow*, 386 Mich at 592, 594 (quotation marks omitted). Sentencing a juvenile offender for first-degree murder requires the court to "think differently about

-3-

how we sentence juvenile offenders," even for the extreme severity of the offense. *Boykin*, ___ Mich at ___; slip op at 8. The Court held, however, that trial courts are *not* required to "articulate their bases for considering an offender's youth during sentencing hearings conducted under MCL 769.25 and MCL 769.25a in which the offender is sentenced to a term of years," *id*. at 13-14, but because it was unclear whether the trial court properly considered youth as a mitigating factor, the Supreme Court remanded the case to this Court for further consideration, *id*. at 17-18.

The Supreme Court remanded to this Court for the same reason in *Tate*, the companion case to *Boykin*. *Id*. at 18-19. In *People v Tate (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued January 5, 2023 (Docket No. 338360), p 6, this Court concluded that "the trial court's statements regarding Tate's culpability properly focused on contrasting the purposefulness of his actions from the expectation that a young offender will act impulsively or under influence." This Court concluded that the sentencing court did not fail to consider the defendant's youth as a mitigating factor, and that the 40-year minimum sentence was appropriate. *Id*. The sentencing court's decision was supported by evidence that the defendant purposefully led the victim to the shooter who was lying in wait. *Id*. The defendant had sufficient time to reflect on his actions, and was not subject to undue pressure from the shooter. *Id*. This Court stated that the Legislature created "a 15-year range for a juvenile offender's minimum sentence, ostensibly because not all juvenile offenders have the same capacity for reformation." *Id*. at 7. The defendant's willingness to participate and his lack of remorse indicated that he had a lower capacity for reformation, making the 40-year minimum sentence appropriate. *Id*. The Court in *Tate (On Remand)* did not address the proposition that the upper range of the minimum sentence set forth in MCL 769.25 violates the Eighth Amendment; however, "[s]tatutes are presumed to be constitutional." *Turunen v Dir of Dep't of Nat'l Resources*, 336 Mich App 468, 482; 971 NW2d 20 (2021).

With regard to whether the Supreme Court's decision in *Boykin* can be read as foreclosing the possibility that a court could permissibly sentence a juvenile offender to the highest minimum sentence in MCL 769.25 or MCL 769.25a, the Court stated that "youth is a mitigating factor," *Boykin*, ___ Mich at ___; slip op at 8, and noted in a footnote that "[a] defendant may also raise a successful sentencing challenge if the sentencing court refuses to consider relevant mitigating factors or circumstances as mitigating," *id*. at ___ n 11; slip op at 19 n 11. *Boykin* and *Tate* therefore do not compel the conclusion that the sentencing scheme in MCL 769.25 or MCL 769.25a, which mandates as an alternative to a LWOP a minimum sentence in the range of 25 to 40 years for a juvenile offender who is convicted of first-degree murder, is impermissible under Const 1963, art 1, § 16. However, under *Boykin*, the sentencing court must consider a juvenile defendant's attributes of youth as mitigating factors when a term-of-years sentence under MCL 769.25 or MCL 769.25a is sought, reserving the upper limit of the 15-year range for a minimum sentence for exceptional cases.

In this case, it is clear that the sentencing court failed to properly consider defendant's youth as a mitigating factor. The court's statements comparing defendant's loss of liberty to the victims' loss of life suggested that the court wanted defendant's sentence to be commensurate with the victims' losses. This is a strictly punitive and retributive approach for sentencing that is inconsistent with *Boykin*, which had not yet been decided at the time of resentencing. Therefore, we vacate defendant's resentence of 40 to 60 years and remand to the trial court to resentence

defendant under a proper consideration of the *Miller* factors under the framework provided by *Boykin*. We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello

# Court of Appeals, State of Michigan

## ORDER

People of MI v Rodney Damon Black

Docket No.    338985

LC No.        93-010614-01-FC

Kathleen Jansen
Presiding Judge

Kirsten Frank Kelly

Stephen L. Borrello
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall be completed within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we vacate defendant's sentence of 40 to 60 years and remand to the trial court to resentence defendant in conformance with the accompanying opinion.  The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 27, 2023
Date

_____
Chief Clerk